# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BRYANT BAKER, | : | |
| | : | |
| Plaintiff | : | Case No. 2:18-cv-1270 |
| | : | |
| v. | : | Chief Judge Edmund Sargus, Jr. |
| | : | |
| MICHAEL DEWINE, et al. | : | Magistrate Judge Chelsey Vascura |
| | : | |
| Defendants. | : | |

**COMBINED MOTION TO DISMISS OF DEFENDANTS MICHAEL DEWINE, SUPREME COURT OF OHIO, AND OHIO TENTH DISTRICT COURT OF APPEALS**

Plaintiff Bryant Baker brings a federal lawsuit against Ohio Attorney General Michael DeWine, the Ohio Supreme Court, and the Ohio Tenth District Court of Appeals. But Plaintiff fails to state a cognizable federal claim against these defendants. Immunity under the Eleventh Amendment and judicial immunity bar the claims Plaintiff now attempts to assert. Moreover, Plaintiff does not state a claim for relief. A memorandum in support of the motion is attached.

Respectfully submitted,

MICHAEL DeWINE
Ohio Attorney General

/s/ Nicole M. Koppitch
NICOLE M. KOPPITCH (0082129)
        *Lead and Trial Counsel
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
T: (614) 466-2872 | F: (614) 728-7592

Counsel for Attorney General Michael DeWine
and the Ohio Supreme Court

/s/ Andrew Fraser
ANDREW FRASER (0097129)
        *Lead and Trial Counsel
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
T: (614) 466-2872 | F: (614) 728-7592

Counsel for The Ohio Tenth District Court of
Appeals

ii

## MEMORANDUM OF LAW

### I.      FACTUAL BACKGROUND

Plaintiff Bryant Baker brings this lawsuit against Attorney General Michael DeWine, the Ohio Supreme Court, and the Tenth District Court of Appeals, along with a dozen other defendants.  The case springs from a divorce decree requiring Baker to pay child support.  After he failed to make child-support payments, the Franklin County Child Support Enforcement Agency suspended Baker's driver's license.  Upset with this turn of events, Baker now brings this lawsuit against various individuals and entities he believes are responsible for his license suspension.  Against Attorney General DeWine, Baker asserts the denial of equal protection.  Against the Ohio Supreme Court and the Tenth District Court of Appeals, Baker brings one claim for the denial of due process.  Because Baker overlooks immunity and also fails to support his claims for relief against the Attorney General, the Supreme Court, or the Tenth District Court of Appeals with any facts, his claims against these entities must be dismissed.

### II.     LAW AND ARGUMENT

#### A.      Standard of Review

Defendants bring this motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction."  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  The plaintiff bears the burden of demonstrating that jurisdiction exists. *Id*. at 760.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal based on failure to state a claim.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'"  *Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550

1

U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In evaluating a motion to dismiss under Rule 12(b)(6), the Court "must accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiffs."  *Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 463-64 (6th Cir. 2013).

The Court need not accept "legal conclusions or unwarranted factual inferences"; and "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quotations omitted); *Doe v. Cummins*, 662 F. App'x 437, 454 (6th Cir. 2016) ("While it is true that, in considering a motion to dismiss, all well-pleaded factual allegations must be taken as true, a court need not indulge in unreasonable inference.").  A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell*, 550 U.S. at 555.

**B.     The Eleventh Amendment bars Plaintiff's purported claims against Defendants.**

The Eleventh Amendment bars any claims against the Attorney General, the Ohio Supreme Court, and the Tenth District Court of Appeals.  "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent."  *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).  This immunity applies "regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it." *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.1991) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)).  The Eleventh Amendment similarly bars actions for money damages against state officials acting in their official capacity, as such suits are, in effect, "suit[s] against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

2

Here, Plaintiff's claims pinpoint actions taken by Defendants in their official capacities. Plaintiff accuses the Attorney General of selectively enforcing certain laws against him and contends that the courts deprived him of due process in suspending his license.  These actions fall within Defendants' official capacities.  Defendants, who have not waived their immunity, are entitled to Eleventh Amendment immunity against Plaintiff's challenge to these actions.  Thus, this Court lacks subject matter jurisdiction over Plaintiff's claims against the Attorney General, the Ohio Supreme Court, and the Tenth District Court of Appeals, and they must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

        **C.**        **The Supreme Court and the Tenth District Court of Appeals are entitled to absolute judicial immunity.**

Likewise, absolute judicial immunity bars Plaintiff's purported claims against the Supreme Court and the Tenth District Court of Appeals.  "Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits." *See Depiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999).  Two exceptions to this immunity exist: (1) liability for non-judicial actions and (2) actions taken in the complete absence of all jurisdiction. *Id*. at 784.  Whether an act is judicial depends on: (1) "whether it is a function normally performed by a judge;" and (2) whether the parties dealt with the judge in his or her judicial capacity.  *Id*. at 783-784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (internal citations omitted)); *see also Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997) ("The application of judicial immunity is simple and non-controversial when applied to 'paradigmatic judicial acts,' or acts of actual adjudication, i.e. acts involved in resolving disputes between parties who have invoked the jurisdiction of the court.") (internal quotations omitted).

Plaintiff pleads no facts indicating that the Supreme Court or the Tenth District Court of Appeals took any actions outside their judicial capacities.  Nor has Plaintiff alleged that the

3

Supreme Court or the Tenth District Court of Appeals acted in the complete absence of all jurisdiction. Accordingly, the actions of the Supreme Court and the Tenth District Court of Appeals fall within those courts' judicial immunity. Plaintiff's claims are premised only on his dissatisfaction with the suspension of his driver's license. Absolute judicial immunity bars such a suit.

### D. Plaintiff states no claim for relief against defendants.

Plaintiff's claims against the Attorney General, the Supreme Court, and the Tenth District Court of Appeals also fail to state a claim for relief and must be dismissed for this additional reason.

### 1. Plaintiff offers no factual allegations supporting an equal-protection claim against the Attorney General.

The Equal Protection Clause prevents Ohio from denying to any person within its jurisdiction the equal protection of the laws. *Ondo v. City of Cleveland*, 795 F.3d 597, 607 (6th Cir. 2015). The Court must assess whether Ohio has engaged in "invidious discrimination among similarly-situated individuals or implicating fundamental rights." *Id*. Distinct standards of review apply depending on the type of state action, ranging from rational-basis review for actions that involve no suspect classifications or fundamental rights to strict scrutiny for actions that differentiate based on a fundamental right or a suspect classification. *Id.* at 608. To state an equal-protection claim under rational-basis review, Plaintiff must show that the government treated him differently from a similarly situated party and that the government lacked a rational basis to do so. *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 864 (6th Cir. 2012).

Here, Plaintiff sets forth the general standard for an equal-protection claim, *see* Compl. ¶ 53, but fails to include any facts in support of that claim. Plaintiff never states that the Attorney General treated him any differently from a similarly situated party. Indeed, Plaintiff fails even to

4

identify a similarly situated party.  Nor does Plaintiff show that the Attorney General lacked a rational basis for his treatment of Plaintiff such that Plaintiff could state a rational-basis claim. Plaintiff does not attempt to plead that he is a member of a suspect class or that the state's actions implicated a fundamental right such that strict scrutiny would apply.  Plaintiff offers only a vague allegation that the Attorney General and his office will not "uphold the plaintiff's constitutional rights deprived by other employees of the state."  Compl. ¶ 54.  This bare allegation lacks the factual content needed to allow the Court to infer that the Attorney General denied Plaintiff the equal protection of the laws.  The Court should dismiss this claim.

> **2.** **Plaintiff states no facts about the Ohio Supreme Court or the Tenth District Court of Appeals, much less facts supporting a violation of due process.**

Plaintiff's claim against the Ohio Supreme Court and the Tenth District Court of Appeals fails because he neglected to plead any facts implicating those courts in a violation of due process.  A due process claim requires Plaintiff to plead that the alleged deprivation "is within the ambit of the Fourteenth Amendment's protection of liberty and property." *Shoemaker v. City of Howell*, 795 F.3d 553, 559 (6th Cir. 2015).  Plaintiff then must plead that Defendant failed to afford him adequate process prior to and following the deprivation.  *Id*.  But Plaintiff's complaint includes no facts tying the Ohio Supreme Court or the Tenth District Court of Appeals to the alleged violation.  Indeed, Plaintiff fails to include a single allegation about either entity other than their addresses.  Compl. ¶¶ 15-16; *see Pearson v. Specialized Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS (E.D. Tenn. July 24, 2017) (dismissing claims against defendant when plaintiff raised "no allegation against" that defendant at all).  These allegations fall short under Federal Rule of Civil Procedure 8 and require the Court to dismiss the claim against the Ohio Supreme Court and the Tenth District Court of Appeals.

## III. CONCLUSION

For the foregoing reasons, the Supreme Court of Ohio, the Tenth District Court of Appeals,

and the State of Ohio respectfully ask this Court to dismiss Baker's complaint with prejudice.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

/s/ Nicole M. Koppitch
NICOLE M. KOPPITCH (0082129)
    *Lead and Trial Counsel*
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
T: (614) 466-2872 | F: (614) 728-7592

*Counsel for Attorney General Michael DeWine and the Ohio Supreme Court*

/s/ Andrew Fraser
ANDREW FRASER (0097129)
    *Lead and Trial Counsel*
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
T: (614) 466-2872 | F: (614) 728-7592

*Counsel for The Ohio Tenth District Court of Appeals*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion to Dismiss* was electronically filed with the U.S. District Court for the Southern District of Ohio on November 19, 2018, and a copy served upon the following Plaintiff pro se by first class mail via the U.S. Postal Service.

Bryant Baker
P.O. Box 340741
Columbus, Ohio 43234-0741


/s/ Nicole M. Koppitch
Nicole M. Koppitch
Assistant Attorney General

7