**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **BRYANT BAKER,** | |
| **Plaintiff,** | **Case No. 2:18-cv-01270-EAS-CMV** |
| **Vs.** | |
| | **JUDGE SARGUS** |
| **MICHAEL DEWINE, ET AL.,** | **MAGISTRATE JUDGE VASCURA** |
| **Defendants.** | |

## DEFENDANT STEPHEN DAULTON'S MOTION TO DISMISS

Defendant, Stephen Daulton, pursuant to F.R.C.P. 12(B)(5) and 12(B)(6), moves the Court for an order dismissing him as a Defendant in this case because there has been a failure of process and service of process and Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

A memorandum in Support of Defendant's motion is attached hereto and incorporated by reference herein.

Respectfully submitted,

**WOLINETZ & HORVATH, LLC**

/s/ Barry H. Wolinetz
Barry H. Wolinetz          (0019270)
Adam C. Sims               (0093474)
Counsel for Defendant Stephen Daulton
250 Civic Center Drive, Suite 220
Columbus, Ohio 43215
Telephone: (614) 341-7775
Facsimile: (614) 341-7888
bwolinetz@wolinetzlaw.com
asims@wolinetzlaw.com

## MEMORANDUM IN SUPPORT

1. **Plaintiff insufficiently served process upon Defendant Daulton.**

In considering a motion to dismiss under Rule 12(b)(5), "this Court must accept as true all well pleaded allegations of the complaint . . . although reference to the record is permissible to determine the alleged insufficiency of service of process." *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio 1982) (citing *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1034-35 (6th Cir. 1979)). Sufficient service requires a plaintiff to serve an individual with a summons and copy of the complaint, unless the individual executes a waiver of service. FED. R. CIV. P. 4(c)-(d);  *see also, Carter v. Del. County* Bd. of Comm'rs, 2009 U.S. Dist. LEXIS 16436, *43-44.

Here, the record shows that Defendant Daulton was never served with a summons or copy of the complaint.  The record also shows that Defendant Daulton did not execute a waiver of service as did other Defendants in this case.

Accordingly, the Court should find that there has been insufficient service of process upon Defendant Daulton.

2. **Plaintiff's Complaint failed to state a claim for relief against Defendant Daulton because a Plaintiff may not maintain an action pursuant to Section 1983 or the Constitutional right to access the courts without an underlying substantive claim.**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  [**16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). It requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*;  *see also, Germain v. Teva Pharms.,*

2

*USA, Inc.* (*In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig*), 756 F.3d 917, 926, 2014 U.S. App. LEXIS 12111, *15-16, 2014 FED App. 0134P (6th Cir.).

Here, Plaintiff alleges one cause of action against Defendant Daulton, pursuant to 42 U.S.S. §1983 and the First Amendment of the United States Constitution, for denial of meaningful access to the courts.

42 U.S.C. § 1983 permits individuals to bring suit against a state actor who deprives them of a federal right, either constitutional or statutory, without due process of law. *Ziegler v. Aukerman*, 512 F.3d 777, 781 (6th Cir. 2008). To succeed on a § 1983 claim, a plaintiff must demonstrate that (1) a government actor violated his or her constitutional rights, and (2) the right in question was clearly established law at the time the injury was sustained. *Saucier v. Katz*, 533 U.S. 194, 199, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Liability may only arise if the defendant, "through [his] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *see also, Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir., 2015).

Section 1983 creates no substantive rights, but "merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000)(citation omitted).

The Supreme Court has recognized a constitutional right of access to the courts, whereby a plaintiff with a nonfrivolous legal claim has the right to bring that claim to a court of law. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)(collecting cases).  The right of access to the courts finds support in several [**7] provisions of the Constitution including: the Due Process Clause of the Fourteenth Amendment, *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974), the Equal Protection Clause, *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), the First Amendment, *Turner v. Safley*, 482 U.S. 78, 84 (1987)(citing *Johnson v. Avery*, 393 U.S. 482,

3

89(1969)), and the Privileges and Immunities Clause of Article IV, *see, e.g., Chambers v. Baltimore & Ohio R.R.*, 207 U.S. 142, 148, 52 L. Ed. 143, 28 S. Ct. 34 (1907)

The right to access the courts similarly does not create a substantive right; a denial-of-access plaintiff must have an arguable, nonfrivolous underlying cause of action. *Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir., 2013), citing *Christopher*, 536 U.S. at 415 (right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury").

Here, Plaintiff simply asserts that he was denied meaningful access to the Courts because in the divorce proceedings Defendant Gill and Defendant Daulton "generated various documents from October 2015 through January 2016, which appear to have been a way to delay the distribution of funds to Baker…" Plaintiff's Complaint, at ¶35. Plaintiff does not set forth any underlying cause of action against Defendant Daulton.

The Court should accordingly find that Plaintiff's Complaint fails to state a claim against Defendant Daulton upon which relief can be granted.

### Conclusion

For the foregoing reasons, Defendant, Stephen Daulton, respectfully moves the Court for an order dismissing him as a Defendant in this action.

Respectfully submitted,

**WOLINETZ & HORVATH, LLC**

/s/ Barry H. Wolinetz
Barry H. Wolinetz          (0019270)
Adam C. Sims          (0093474)
Counsel for Defendant Stephen Daulton
250 Civic Center Drive, Suite 220
Columbus, Ohio 43215
Telephone: (614) 341-7775
Facsimile: (614) 341-7888
bwolinetz@wolinetzlaw.com
asims@wolinetzlaw.com

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of December, 2018 a copy of the

foregoing Motion to Dismiss was served upon all counsel of record through ECF, and by ordinary

mail upon the following:

**Bryant Baker**
**P.O. Box 340741**
**Columbus, Ohio 43234-0741**


/s/ Barry H. Wolinetz
Barry H. Wolinetz       (0019270)