UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRYANT BAKER,

    Plaintiff,

v.

MICHAEL DeWINE, *et al.*,

    Defendants.

Case No. 2:18-cv-1270
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of the following:

- Motion to Dismiss for Failure to State a Claim (ECF No. 4) filed by Defendants Michael DeWine ("DeWine"), the Ohio Tenth District Court of Appeals ("the Tenth District"), and the Supreme Court of Ohio;

- Motion to Dismiss for Failure to State a Claim (ECF No. 10) filed by Defendant Ronald R. Petroff ("Petroff");

- Motion to Dismiss (ECF No. 12) filed by Defendant Stephen Daulton ("Daulton");

- Motion to Dismiss (ECF No. 13) filed by Defendant Brie Baker ("Defendant Baker");

- First Motion to Dismiss for Failure to State a Claim (ECF No. 14) filed by Defendant Judge Elizabeth Gill ("Judge Gill");

- Motion to Dismiss for Failure to State a Claim (ECF No. 18) filed by Defendants Elise Anderson ("Anderson"), the Franklin County Court of Common Pleas, Crystal Vanarsdale ("Vanarsdale"), and Steve Wygle ("Wygle");

- Motion to Dismiss for Failure to State a Claim (ECF No. 19) filed by Defendant Craig Treneff ("Treneff");

- Motion to Dismiss for Failure to State a Claim (ECF No. 20) filed by Defendant Brian Burrier ("Burrier");

- Motion to Dismiss for Failure to State a Claim (ECF No. 29) filed by Defendant Richard P. Oestreich ("Oestreich");

- Motion to Dismiss for Failure to State a Claim (ECF No. 34) filed by Defendant Magistrate Judge Marci Webber ("Magistrate Webber") (collectively "Defendants");

- Response to Defendant Baker's Motion to Dismiss (ECF No. 33) filed by Plaintiff Bryant Baker ("Plaintiff Baker"); and

- Defendant Baker's Reply (ECF No. 35).

For the reasons below, the Court **GRANTS** Defendants' Motions to Dismiss. (ECF Nos. 4, 10, 12, 13, 14, 18, 19, 20, 29, 34) and **DISMISSES with PREJUDICE** Plaintiff Baker's claims against all Defendants.

I.

This case arises from divorce proceedings between Plaintiff Baker and Defendant Baker. Those proceedings resulted in a decree that ordered Plaintiff Baker to vacate his former marital residence, pay certain court costs and attorneys' fees, and pay monthly child support. Plaintiff Baker had trouble following those orders.

After Plaintiff Baker refused to vacate the residence, the Franklin County Court of Common Pleas held him in contempt and sentenced him to thirty days in the Franklin County Jail. Subsequently, Plaintiff Baker fell behind on his child support obligations and so the Franklin County Child Support Enforcement Agency suspended his driver's license.

Following these hardships, Plaintiff Baker filed suit against fifteen defendants, including: attorneys who appeared in the Bakers' divorce proceedings (Treneff, Petroff, and Daulton); courts (the Franklin County Court of Common Pleas, the Tenth District Court of Appeals, and the Supreme Court of Ohio); judges (Judge Gill and Magistrate Webber); court administrative appointees (Burrier and Oestreich); agency employees (Wygle, Anderson, and Vanarsdale); his

ex-wife (Defendant Baker); and the former Attorney General of Ohio (DeWine). Plaintiff Baker requests the following relief: compensatory damages, punitive damages, declaratory judgment that the actions of Defendants violate his rights, an injunction prohibiting the judicial defendants from any further participation in his state court case, and the costs of this lawsuit.

By way of ten separate motions, all fifteen Defendants have now moved the Court to dismiss Plaintiff Baker's claims. Plaintiff Baker only responded to Defendant Baker's motion. The time for filing responses has passed and so Defendants' motions are ripe for review.

## II.

To survive a Rule 12(b)(6) challenge, a complaint "must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level' and 'state a claim for relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible where the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In making this determination, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Brickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). A court need not accept as true any conclusory legal allegations that lack specific facts necessary to establish a claim. *Id.*

## III.

For clarity, the Court collectively addresses Defendants' motions to dismiss based on their primary arguments, *i.e.*, immunity, failure to state a claim, and statute of limitations.

3

### A. Immunity

**1. Motion to Dismiss Filed by DeWine, the Supreme Court, and the Tenth District**

Plaintiff Baker alleges various claims against Defendants DeWine, the Supreme Court of Ohio, and the Tenth District. Against Former-Attorney General DeWine, Plaintiff Baker asserts the denial of equal protection. Against the Supreme Court of Ohio and the Tenth District, he alleges one claim for the denial of due process. Defendants DeWine, the Supreme Court of Ohio, and the Tenth District move the Court to dismiss these claims for several reasons. The Court need only address the issue of immunity, however, because it is dispositive.

The Eleventh Amendment prohibits a suit brought in federal court against a state, its agencies, and its institutions unless the state has expressly waived its sovereign immunity or Congress has overridden the state's immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Ernst v. Rising*, 427 F.3d 351, 358–59 (6th Cir. 2005). DeWine, the Supreme Court of Ohio, and the Tenth District have not waived their immunity.

Additionally, although a plaintiff can sue a state official in his or her official capacity for prospective injunctive relief to end a continuing violation of federal law under *Ex parte Young*, 209 U.S. 123 (1908), Plaintiff Baker has not requested any injunctive relief from DeWine. *See* Pl.'s Compl. at 24. Therefore, *Young* is inapplicable. *See Will*, 491 U.S. at 71 (the Eleventh Amendment also protects a state official from suit for monetary damages in his official capacity because such a lawsuit constitutes a suit against the official's office and the State).

In conclusion, DeWine, the Supreme Court of Ohio, and the Tenth District are immune from Plaintiff Baker's lawsuit and no exceptions apply. Accordingly, the Court **GRANTS** these Defendants' *Motion to Dismiss* (ECF No. 4) and **DISMISSES with PREJUDICE** Plaintiff Baker's claims against DeWine, the Supreme Court of Ohio, and the Tenth District.

4

## 2. Motions to Dismiss Filed by Magistrate Webber and Judge Gill

Judge Gill and Magistrate Webber presided over Plaintiff Baker's divorce case. In his complaint, Plaintiff Baker alleges that Magistrate Webber ordered him to take an employment evaluation. Plaintiff Baker also alleges that Judge Gill issued a Judgment Entry, incorporating Magistrate Webber's decision that found Plaintiff Baker in contempt for not vacating his marital residence and sentenced him to thirty days in jail.

Based on those judicial orders, Plaintiff Baker brought two claims against Judge Gill and one against Magistrate Webber. Against Judge Gill: the denial of meaningful access to the courts under 42 U.S.C. § 1983 and the denial of due process by depriving him of meaningful access to the courts. Against Magistrate Webber: the denial of meaningful access to the courts pursuant to the First Amendment of the United States Constitution.

Judge Gill and Magistrate Webber argue the Court should dismiss Plaintiff Baker's claims against them because the complaint pertains only to the performance of their judicial duties for which they are entitled to absolute immunity. The Court agrees.

It is well established that judges and other court officers enjoy absolute immunity from suits with claims arising from the performance of judicial functions. *Wappler v. Carniak*, 24 F. App'x 294, 295–96 (6th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam)). That said, a judge or magistrate can lose immunity in two circumstances: (1) when acting in a non-judicial capacity; or (2) when acting in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12 (citations omitted). Plaintiff Baker's allegations against Judge Gill and Magistrate Webber all relate to actions they took in their judicial capacities and with proper jurisdiction over Plaintiff Baker's divorce proceedings.[1] Therefore, Judge Gill and Magistrate

---

[1] Plaintiff Baker does not allege that Judge Gill or Magistrate Webber lacked jurisdiction over the proceedings.

Webber are entitled to absolute immunity from Plaintiff Baker's claims.

Accordingly, the Court **GRANTS** Magistrate Webber and Judge Gill's *Motions to Dismiss* (ECF Nos. 14, 34) and **DISMISSES with PREJUDICE** Plaintiff Baker's claims against Magistrate Webber and Judge Gill.

### B. Failure to State a Claim

#### 1. Civil Conspiracy Under Section 1983

##### *a. Oestreich's Motion to Dismiss Under Rule 12(b)(6)*

During the divorce proceedings of Plaintiff Baker and Defendant Baker, Oestreich served as a vocational expert. In that role, Oestreich interviewed Plaintiff Baker and authored a vocational report, pursuant to an order from the Franklin County Domestic Relations Court. Based on that report, Plaintiff Baker brings his fourth cause of action against Oestreich, alleging that Oestreich alone participated in a civil conspiracy in violation of 28 U.S.C. § 1367(a).[2] *See* Pl.'s Compl. at ¶¶ 61–62. Oestreich moves the Court to dismiss Plaintiff Baker's claim for failing "to set forth any material facts to suggest that a conspiracy exists." Oestreich's Mot. to Dismiss at 2.

In *Hooks v. Hooks*, the Sixth Circuit set forth the standard for a civil conspiracy claim:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985).

---

[2] The Court notes that 28 U.S.C. § 1367(a) pertains to supplemental jurisdiction and not to civil conspiracy actions. Nevertheless, the Court will address the civil conspiracy claim as if it were brought under the proper statute, which is 42 U.S.C. § 1983.

6

Plaintiff Baker has failed to state a claim upon which relief can be granted for several reasons. First, Plaintiff Baker fails to allege facts that suggest Oestreich entered into any agreement with others. In fact, Plaintiff Baker brings count four only against Oestreich. Further, Plaintiff Baker fails to allege that any plan existed or that any unlawful action was committed in furtherance of such a plan. Additionally, Plaintiff Baker has not alleged facts suggesting that Oestreich had any conspiratorial objective to injure Plaintiff Baker. Therefore, Plaintiff Baker has failed to adequately state a civil conspiracy claim against Oestreich.

For that reason, the Court **GRANTS** Oestreich's *Motion to Dismiss* (ECF No. 29) and **DISMISSES with PREJUDICE** Plaintiff Baker's claim against Oestreich.

### *b. Petroff and Treneff's Motions to Dismiss Under Rule 12(b)(6)*

Petroff represented Plaintiff Baker in his divorce proceedings, and Treneff represented Plaintiff Baker's ex-wife. Based on their involvement, Plaintiff Baker alleges his seventh cause of action against Petroff and Treneff for conspiring with Judge Gill to deny Plaintiff Baker meaningful access to the courts and due process of law in violation of 42 U.S.C. §§ 1983 and 1985. Petroff and Treneff now move the Court to dismiss Plaintiff Baker's conspiracy claim, arguing that Plaintiff Baker fails to state a claim upon which relief can be granted.

First, Petroff and Treneff contend that Plaintiff Baker's conspiracy claim is inadequate because they are not state actors. "However, private persons jointly engaged with state official in a deprivation of civil rights are acting under color of law for purposes of § 1983." *Wilkerson v. Warner*, 545 Fed. Appx. 413, 421 (6th Cir. 2013) (quoting *Hooks*, 771 F.2d at 943). Therefore, as private persons who allegedly conspired with a judge, Petroff and Treneff can still be liable for civil conspiracy if Plaintiff Baker adequately states a claim under *Hooks*, as discussed *supra*.

7

A plaintiff fails to state an adequate claim when his allegations are premised upon mere conclusions and opinions. *Coker v. Summit Cnty. Sheriff's Dept.*, 90 Fed. Appx. 782, 789 (6th Cir. 2003) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite 'meeting of the minds' essential to the existence of the conspiracy." *Id.* (citing *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)). Plaintiff Baker makes one conclusory allegation that Judge Gill, Treneff, and Petroff conspired to deny him meaningful access to the courts and due process of law. Without alleging any facts that suggest a civil conspiracy claim under *Hooks*, Plaintiff Baker fails to adequately plead a conspiracy claim against Petroff and Treneff.

Therefore, the Court **GRANTS** Petroff's *Motion to Dismiss* (ECF No. 10), **GRANTS in PART** Treneff's *Motion to Dismiss* (ECF No. 19), and **DISMISSES with PREJUDICE** Plaintiff Baker's conspiracy claims against Petroff and Treneff.

### 2. Denial of Access to the Courts

#### *a. Daulton's Motion to Dismiss Under Rules 12(b)(5) and 12(b)(6)*

Daulton represented Plaintiff Baker's ex-wife in the Bakers' divorce proceedings. Plaintiff Baker alleges one cause of action against Daulton under 42 U.S.C. § 1983 and the First Amendment of the United States Constitution for the denial of meaningful access to the courts. Daulton argues that Plaintiff Baker fails to state a claim upon which relief can be granted.

Daulton asserts that the Court must dismiss Plaintiff Baker's claim for failing to allege a nonfrivolous underlying cause of action. The Court agrees. *See Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013) ("a denial-of-access plaintiff must have an arguable, nonfrivolous underlying cause of action.") (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Plaintiff Baker does not allege any underlying cause of action related to his denial of meaningful access claim against Daulton. Therefore, Plaintiff Baker failed to state a claim upon which relief can be granted.

Accordingly, the Court **GRANTS** Daulton's *Motion to Dismiss* (ECF No. 12) and **DISMISSES with PREJUDICE** Plaintiff Baker's claim against Daulton.

### 3. Fraud

#### *a. Treneff and Burrier's Motions to Dismiss*

Treneff is a divorce attorney who represented Plaintiff Baker's ex-wife in the Bakers' divorce proceedings. Burrier served as guardian ad litem in those proceedings. Based on their involvement, Plaintiff Baker alleges that Treneff and Burrier defrauded him. Burrier and Treneff have separately moved the Court to dismiss those claims.

Because claims based on fraud pose "a high risk of abusive litigation," *Twombly*, 550 U.S. at 569 n. 14, a party making such allegations "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). While "conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), a plaintiff must still plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation "plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Therefore, "a plaintiff cannot make only a conclusory allegation that a defendant acted willfully." *Katoula v. Detroit Entm't, LLC*, 557 Fed. Appx. 496, 498 (6th Cir. 2014) (citing *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)).

To satisfy Rule 9(b), a plaintiff must: (1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) plead when and where the statements were made; and (4) explain what

9

made the statements fraudulent. *Republic Bank & Trust Co.*, 683 F.3d at 247. Plaintiff Baker's complaint does not allege facts pertaining to any of these elements. Thus, his fraud claims fail.

Accordingly, the Court **GRANTS** Burrier's *Motion to Dismiss* (ECF No. 20), **GRANTS in PART** Treneff's *Motion to Dismiss* (ECF No. 19), and **DISMISSES** Plaintiff Baker's fraud claims against Burrier and Treneff.

### 4. Loss of Consortium

#### *a. Defendant Baker's Motion to Dismiss Under 12(b)(6)*

Plaintiff Baker brings one cause of action for the loss of consortium against his ex-wife, Defendant Baker. The complaint alleges Defendant Baker is liable for depriving Plaintiff Baker of the companionship of their daughter. Pl.'s Compl. at ¶ 82. Defendant Baker argues that the complaint fails to state a claim for relief since a plaintiff may not maintain a derivative action for loss of filial consortium without an underlying substantive claim of physical injury.

"Under Ohio law, a claim for loss of consortium is 'derivative' in that it depends upon a defendant having committed a legally cognizable tort against someone." *Derungs v. Wal-Mart Stores, Inc.*, 162 F. Supp. 2d 861, 872 (S.D. Ohio 2001) (citations omitted). Plaintiff Baker has not alleged that Defendant Baker committed a legally cognizable tort. Therefore, Plaintiff Baker has failed to state a claim against Defendant Baker.

Accordingly, the Court **GRANTS** Defendant Baker's *Motion to Dismiss* (ECF No. 13) and **DISMISSES with PREJUDICE** Plaintiff Baker's claim against Defendant Baker.

### C. Statute of Limitations

#### 1. Motion to Dismiss Filed by Vanarsdale, Anderson, Wygle, and the Franklin County Court of Common Pleas

Plaintiff Baker brings a § 1983 claim against Vanarsdale, Anderson, Wygle, and the Franklin County Court of Common Pleas, alleging violations of his due process rights under the Fourteenth Amendment of the United States Constitution for suspending his driver's license.

The Franklin County Court of Common Pleas presided over the Bakers' divorce case. As employees of the Franklin County Child Support Enforcement Agency (the "FCCSEA"), Vanarsdale, Anderson, and Wygle informed Plaintiff Baker that the FCCSEA would suspend his driver's license unless he fulfilled his past due child support obligations. Those four defendants jointly move the Court to dismiss Plaintiff Baker's claims against them, arguing that they are barred by the statute of limitations.

Because 42 U.S.C. § 1983 provides no statute of limitations, this Court must refer to the state's applicable limitations period. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). In *Wilson*, the Supreme Court held that each state must borrow a single statute of limitations for § 1983. *Id.* at 275–76. The Court explained that § 1983 claims were best characterized as tort actions that seek recovery of damages for personal injuries, and therefore federal courts must borrow the state's statute of limitations governing personal injury actions. *Id.* Subsequently, the Sixth Circuit held that the statute of limitations for a § 1983 claim in Ohio must be brought within two years of accrual, pursuant to Ohio Rev. Code § 2305.10. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (en banc); *see Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

While Ohio law bars § 1983 claims that have accrued within two years, "federal law governs the questions of when that limitations period begins to run." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). "Under federal law, as

developed in this Circuit, the statute-of-limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Ruiz-Bueno v. Maxim Healthcare Servs., Inc.*, 659 Fed. Appx. 830, 831 (6th Cir. 2016) (quoting *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)). "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

Plaintiff Baker's constitutional claims rest on the suspensions of his driver's license, which occurred several times between December 1, 2015, and August 2, 2016. These defendants promptly notified Plaintiff Baker each time his license was suspended, and so he was immediately aware of these alleged injuries. Therefore, Plaintiff Baker's § 1983 claims were barred, at the latest, on August 2, 2018. Because Plaintiff Baker filed his complaint on October 19, 2018, his § 1983 claims against these Defendants are time-barred.

Accordingly, the Court **GRANTS** the *Motion to Dismiss* (ECF No. 18) filed by Vanarsdale, Anderson, Wygle, and the Franklin County Court of Common Pleas, and **DISMISSES with PREJUDICE** Plaintiff Baker's claims against those defendants.

**IV.**

In conclusion, the Court **GRANTS** Defendants' *Motions to Dismiss* (ECF Nos. 4, 10, 12, 13, 14, 18, 19, 20, 29, 34) and **DISMISSES with PREJUDICE** all Plaintiff Baker's claims. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

5-1-2019
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**